HENRY E. BOWNES *v.* CHARLES M. WELD AND OTHERS.

A creditor at large, not having exhausted his legal remedy of judgment and execution, has no status in a court of equity to invoke its aid to test the validity of a judgment obtained and a mortgage alleged to have been executed by a debtor to defraud his creditors.

SPECIAL TERM—April, 1870.

THIS was a motion to dissolve an injunction granted in an action brought to set aside a judgment and mortgage as having been obtained and executed to defraud creditors. It did not appear from the plaintiff's papers that he had obtained a judgment against the mortgagor and judgment debtor, on which an execution had been issued and returned unsatisfied.

*Hawes & Wardell,* for motion.

*R. H. Huntley,* opposed.

VAN BRUNT, J.—I do not see how this injunction can be maintained. This action is commenced to set aside the judgments obtained by Weld & Nagle against Wiltse, and also the chattel mortgage executed by Wiltse to Weld & Nagle, as fraudulent as against the creditors of Wiltse.

Such an action cannot be maintained by a creditor at large, but he must show that he has obtained a judgment, and that an execution has been issued thereon and returned unsatisfied, before equity will afford him relief (Dunlevy *v.* Tallmadge, 32 N. Y., p. 457). The plaintiff in this action never having exhausted his legal remedy of judgment and execution, cannot have any status in a court of equity, to invoke its aid to test the validity of the judgment and chattel mortgage complained of.

The injunction must be vacated with costs.